# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>WARREN MONTGOMERY,<br><br>    Respondent. | Case No. 1:17-cv-01584-LJO- EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO CONVERT PETITION FOR WRIT OF HABEAS CORPUS TO CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983 |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition is not cognizable in federal habeas corpus, the undersigned recommends that the petition be converted to a civil rights action under 42 U.S.C. § 1983 after obtaining consent from Petitioner.

## I.

## BACKGROUND

On November 29, 2017, Petitioner filed the instant petition for writ of habeas corpus. Therein, Petitioner challenges a prison disciplinary proceeding in which he was found guilty of destruction of state property (i.e., legal volumes) and was required to pay $3,276.09, the cost of replacing the destroyed volumes. (ECF No. 1 at 4–5).[1] On December 4, 2017, this Court ordered Petitioner to show cause why the petition should not be dismissed for lack of jurisdiction

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

pursuant to Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc). (ECF No. 4). To date, Petitioner has failed to file a response to the order to show cause, and the time for doing so has passed.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. Federal Habeas Corpus Jurisdiction

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted the rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles, 830 F.3d at 934 (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

In the instant petition, Petitioner challenges on due process grounds a prison disciplinary proceeding in which he was found guilty and was required to pay $3,276.09. (ECF No. 1 at 4–5). Petitioner does not allege that the disciplinary violation resulted in the loss of credits, and it appears that Petitioner may be serving a life sentence. (ECF No. 1 at 1). Therefore, success on Petitioner's challenge to the disciplinary proceeding would not necessarily lead to immediate or

earlier release from custody. Accordingly, Petitioner's claim is not cognizable in federal habeas corpus.

### B. Conversion to § 1983 Civil Rights Action

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

If Petitioner chooses to convert the instant matter to a civil rights action, Petitioner will be required to submit a civil rights complaint form that names the proper defendants and seeks appropriate relief. The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1).[2] Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action. However, Petitioner is forewarned that dismissal and refiling may subject Petitioner to a possible statute of limitations bar as well as other complications as set forth above.

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that that the petition for writ of habeas corpus be converted to a civil rights action under 42 U.S.C. § 1983 after obtaining consent from Petitioner.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

---

[2] The Court previously authorized Petitioner to proceed *in forma pauperis* in the instant case. (ECF No. 2).

Rules of Practice for the United States District Court, Eastern District of California. Within **TWENTY (20) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 1, 2018**       /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE