# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BROWN,<br><br>        Petitioner,<br><br>       v.<br><br>WARREN MONTGOMERY,<br><br>        Respondent. | Case No. 1:17-cv-01584-LJO-EPG-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 29, 2017, Petitioner filed the instant federal petition for writ of habeas corpus, wherein Petitioner challenges a prison disciplinary proceeding in which he was found guilty of destruction of state property (i.e., legal volumes) and was required to pay $3,276.09, the cost of replacing the destroyed volumes. (ECF No. 1). On February 1, 2018, the Magistrate Judge issued Findings and Recommendation to convert Petitioner's habeas petition to a civil rights action under 42 U.S.C. § 1983. (ECF No. 8).

On March 12, 2018, the Court adopted the Findings and Recommendation and ordered Petitioner to notify the Court whether he would like to convert the habeas petition to a § 1983 civil rights action. (ECF No. 9). To date, Petitioner has failed to notify the Court, and the time for doing so has passed. Accordingly, the Court will dismiss the instant habeas action without prejudice to Petitioner refiling his claims in a § 1983 action.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner refiling his claims in a § 1983 action;

2. The Clerk of Court is directed to CLOSE the case; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 1, 2018**                    **/s/ Lawrence J. O'Neill**
                                    UNITED STATES CHIEF DISTRICT JUDGE